WILLIAMS v. MILLS COUNTY.

1. **Statute of Limitations**: ACTION FOR WILLFUL TRESPASS. An action for a willful trespass committed by entering upon plaintiff's land and, by digging a ditch thereon, interfering with his water power, accrues immediately upon the commission of the trespass, and is barred in five years thereafter. (Code, § 2529.)

*Appeal from Mills District Court.*

MONDAY, MARCH 14.

THE plaintiff seeks by this action to recover damages of the defendant for the alleged wrongful diversion of a stream of water away from his mill. A demurrer to the petition was sustained, and plaintiff appeals.

*Kelley Bros.* and *E. B. Woodruff*, for appellant.

*Watkins, Williams & Wright* and *L. T. Genung*, for appellee.

ROTHROCK, J.—The petition in this case is a remarkable document. It is remarkable for its great length, and for the indefiniteness of its averments as to the injury complained of. It appears therefrom that the plaintiff is the owner of a mill upon a creek or stream of water in Mills county, and that in the year 1879 a county ditch was constructed, which had its initial point at said creek. But whether the ditch intersected the stream above or below the mill it is impossible to determine from the petition. In one part of the petition it is averred that "the defendant entered upon plaintiff's

land, against his protests and objections, and erected and made over and across the same the ditch and levee aforesaid, and did cut, dig and tear out, and cause to be torn out, along the bank of said stream above plaintiff's mill-dam, certain levees and embankments constructed by plaintiff to protect said mill property, and constructed in lieu thereof the ditch and levee aforesaid." It would appear from this averment that the defendant diverted the water from the stream above the mill-dam. But it is elsewhere averred in the petition that plaintiff was not injured by reason of water being diverted from the stream above the mill, but because the ditch interfered with the flow of water below the mill, and the channel, therefore, became filled up so that the water would not flow away from the mill. And; in the argument in reply, we are for the first time advised that the initial point of the ditch was between the mill and the mill-dam.

This suit was commenced more than five years after the ditch was constructed, and one ground of demurrer was that the action was barred by the statute of limitations. Accepting the averments of the petition to be true, the act complained of was a willful trespass, without authority of law, and done against the protests of the plaintiff made at the time. For this invasion of his rights he had an immediate cause of action. We do not mean that he had a cause of action against the county. That question we do not determine, because it may admit of doubt whether the county would have been liable. But there then accrued a right of action to the plaintiff for the trespass, against the trespassers, whether they were the men who constructed the ditch, the contractors, or whoever was liable therefor. The present action is founded upon the original trespass. It should have been brought within five years after the right of action accrued. Code, § 2529.

AFFIRMED.